## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AARON HAGELE, ANDREW SARCINELLA, JR., and AASH SERVICES, LLC | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SHELL OIL COMPANY, PMI SERVICES NORTH AMERICA INC., and DEER PARK REFINING LIMITED PARTNERSHIP, | ) ) ) ) ) |
| Defendants. | ) ) |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF RELATED TO ACQUISITION OF THE DEER PARK REFINERY PURSUANT TO THE CLAYTON ACT

Plaintiffs Aaron Hagele, Andrew Sarcinella, Jr., and AASH Services, LLC, with their lawyers, Langone Law LLC and James P. Batson, Esq., bring this action to enjoin the proposed acquisition of the Deer Park Refinery and verify in support as follows;

## I. Nature of the Action

1. The Deer Park Refinery is a petroleum refinery located in this judicial district that was commissioned in 1929 and has been operated by Defendant Deer Park Refining Limited Partnership ("DPRLP") since 1993.

2. Defendants Shell Oil Company ("Shell") and Defendant PMI Services North America Inc. ("PMI") compete in the United States gasoline market.

1

3.  PMI and Shell have entered into an agreement related to the acquisition of the Deer Park Refinery.

4.  Shell seeks to divest its interest in the refinery and DPRLP.

5.  PMI is a subsidiary of Petroleos Mexicanos ("PEMEX").

6.  On or about May 24, 2021, PMI's intention to acquire control of the Deer Park Refinery was announced.

7.  On June 21, 2021, United States Member of Congress Brian Babin, who represents the congressional district where the Deer Park Refinery is located, sent a letter to the United States Secretary of Treasury and United States Secretary of Energy about the acquisition. See Exhibit A.

8.  This letter expressed concerns about the acquisition and requested that the Committee on Foreign Investment in the United States (CFIUS) deny the sale of Shell's interest in DPRLP.[1] *Id*.

9.  On July 20, 2021, United States Senators John Cornyn and Ted Cruz from Texas, along with eighteen other members of Congress, sent a letter to the President of the United States expressing concerns about anti-competitive behavior by PEMEX. See Exhibit B.

10. Then on November 17, 2021, Texas Governor Greg Abbott sent a letter to the President of the United States expressing concerns that the anti-competitive

---

[1] Under the status quo, the closing of the sale has been delayed pending approval by the CFIUS. Defendants will suffer no harm if a temporary restraining order is granted now because the sale is currently delayed and Shell staff that are proposed to transition the refinery are in place now and would be in the near future. See Exhibit F.

conduct of PEMEX is causing irreparable harm in the United States. See Exhibit C.

11. The President of the United States and his administration have recently expressed their own concerns about anticompetitive behavior in the United States gasoline market. See Exhibit D and Exhibit E.

12. The proposed Deer Park Refinery transaction will lessen competition in the United States gasoline market.

13. Gasoline refined at the Deer Park Refinery will be allocated to the Mexican market despite the market inefficiency and higher prices that will result from this allocation. See Exhibit F.

14. The proposed Deer Park Refinery transaction is an agreement for output reduction of gasoline to the United States market and an agreement to allocate gasoline to the Mexican market.

15. The Deer Park Refinery refines over 300,000 barrels-per-day of oil.

16. The Deer Park Refinery is responsible for refining about two percent of the crude oil in the United States.

17. The acquisition, if consummated, would significantly reduce the supply of gasoline in the United States.

18. The acquisition will have the effect of permanently raising gasoline prices and energy prices for consumers and businesses like Plaintiff and his businesses.

19. Accordingly, the proposed acquisition will violate the antitrust laws including Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, by having the substantial effect to lessen competition.

## II. Jurisdiction, Venue and Standing for Plaintiff

20. This action is filed pursuant to Section 16 of the Clayton Act, as amended, 15 U.S.C. § 26, to obtain equitable relief to prevent a violation of the antitrust laws including Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18.

21. Defendants produce, transport and market gasoline, commercial activity that substantially affects and is in the flow of interstate commerce.

22. The Court has jurisdiction over the subject matter of this action and jurisdiction over the parties pursuant to 15 U.S.C. §26 and 28 U.S.C. §§ 1331 and 1337.

23. Plaintiffs Aaron Hagele and Andrew Sarcinella, Jr. are citizens of the United States and the State of New York.

24. Plaintiff AASH Services, LLC is a New York limited liability company which owns and operates a retail coin-operated laundromat business located in Mt. Vernon, New York.

25. Plaintiffs Hagele and Sarcinella are consumers of gasoline in the United States.

26. Higher gasoline prices in the United States increase Plaintiffs Hagele's and Sarcinella's costs of living.

27. Plaintiffs Hagele and Sarcinella are the two members of AASH Services, LLC, and are small businessmen and own interests in the energy-dependent laundry business.

28. Increased variable costs of energy reduce Plaintiffs' business profits in an incalculable but evident manner and threaten the entire value proposition and investment in this energy-cost-dependent business.

29. Profits in Plaintiffs' peculiar business are irretrievably lost as gasoline prices increase and raise energy costs.

30. Energy costs are particularly important in the laundry industry and are higher than those of comparable small businesses. As a result, the laundry industry is particularly sensitive to increases in energy costs.

31. Plaintiffs' business will lose incalculable business goodwill and customers if higher laundry prices are spurred by higher gasoline prices and energy costs.

32. Plaintiffs will suffer an irreparable antitrust injury in the form of extremely serious and difficult or impossible to calculate lost profits because the proposed transaction will structurally reduce output of gasoline in the United States permanently and thus result in continuing higher prices for the scarce and diminishing commodity of gasoline which will lead to higher energy costs and then diminished profit margins, sale of physical assets, and permanently altered commercial arrangements including lost vendor contracts and resulting lost jobs related to Plaintiff's business interests.[2]

---

[2] Money damages also may not be available after closing due to certain legal doctrines and/or insolvency of PEMEX.

33. Plaintiffs will by injured by the harm of reduced demand for laundry services that will be caused by higher gas prices because consumers will be forced to choose between necessities, limit discretionary spending, and will likely buy gas and food before laundry services. Profits in the U.S. laundry business are directly linked to the U.S. Gasoline Price Index. These damages to Plaintiff will be difficult or impossible to calculate or collect.

## III. Defendants

34. Shell Oil Company is a Delaware corporation with a principal place of business in Houston, Texas.

35. The registered agent of Shell is CT Corporation at 1999 Bryan Street, Dallas, TX 75201.

36. Shell branded gasoline has approximately 12% of the gasoline market in the United States.

37. The gasoline market share of Shell is almost twice that of any of competitor in the gasoline oligopoly market in the United States.

38. PMI Services North America Inc. is a Delaware corporation with a principal place of business in Houston, Texas.

39. Deer Park Refining Limited Partnership is headquartered in Deer Park, Texas.

## IV. The Acquisition Will Lessen Competition in the U.S. Gasoline Market

40. The relevant geographic market for gasoline is the United States.

41. Gasoline in the United States is a relevant market (i.e., a line of commerce and a section of the country) within the meaning of Section 7 of the Clayton Act.

42. In May of 2021, PMI announced its intent to purchase Shell's interest in the Deer Park Refinery.

43. The transaction would have the following anticompetitive effects, among others: (1) gasoline produced at the Deer Park Refinery would be allocated to the Mexican market; (2) gasoline output to the United States market would be reduced; (3) rivals in the United States gasoline market will be prevented from obtaining gasoline from this refinery altogether; (4) rivals will be forestalled from acquiring the asset; (5) entry into the gasoline market will be more difficult since entrants will face the increased cost of building new refining facilities rather than acquiring existing refining capacity which is more affordable than new refinery construction; (6) the acquisition will increase the need for the imports of oil for gasoline production in the United States; and (7) prices for gasoline in the United States would increase.

44. The Deer Park Refinery sometimes produces about 2.5% of the daily refined gasoline in the United States.

45. The production of gasoline at the Deer Park Refinery is more than a *de minimis* amount of production in the United States gasoline market.

46. The acquisition forecloses the ability of an independent competing refiner to acquire the Deer Park refinery asset and will give control of the refinery to an

anti-competitive commercial actor, PEMEX, that rejects free market competition, embraces monopolization and has a history of expropriation, corruption and dishonor of contracts thus prices for gasoline in the United States – in which Shell is the dominant player in the oligopoly - will continue to rise. See Exhibits A, B, C, D, E and F.

47. Certain practices, such as unreasonable restraints on trade, e.g. market allocation and output reduction, have historically been adjudged under the *per se* rule, meaning that the conduct is so pernicious it is conclusively presumed to unreasonably lessen competition and no justification can be considered. See, e.g*., Northern Pacific Railway Co. v. United States*, 356 U.S. 1 (1958).

48. The proposed acquisition is an unreasonable restraint of trade that allocates and limits geographic marketing areas for gasoline and allocates and limits customers for gasoline for sale and purchase and is a *per se* violation of the antitrust laws.

49. The effect of this proposed acquisition of the Deer Park Refinery by PMI would be to substantially lessen competition in interstate trade and commerce, in violation of Section 7 of the Clayton Act.

50. As a result, the proposed acquisition will have a substantial impact on the supply on gasoline and natural gas in the U.S., which will cause Plaintiffs' gasoline and energy costs to significantly increase.

**V. Prayer for Relief**

51. Plaintiffs request and pray for relief in the form of judgment in their favor against Defendants including (A) adjudication that proposed acquisition of the Deer Park Refinery would violate the antitrust laws including Section 7 of the Clayton Act; (B) a temporary restraining order to preserve the status quo and delay closing of the transaction for fourteen days or longer on good cause shown or consent by Defendants; (C) an order for expedited discovery to be produced, including all ESI and documents provided by Defendants to the Federal Trade Commission and the Commission on Foreign Investment in the United States about the Deer Park Refinery acquisition, prior to the preliminary injunction hearing; (D) preliminary and permanent injunctive relief (1) preventing the consummation of the proposed acquisition or (2) ordering divestiture of PMI's interest in DPRLP if the transaction closes; (D) an award of attorney's fees and costs of this action; and (E) such other relief as is proper.

Respectfully Submitted,

/s/    Mark T. Lavery
One of Plaintiff's Lawyers

Mark T. Lavery
Christopher V. Langone (pro hac vice pending)
Langone Law LLC
2275 Half Day Road, Suite 367
Bannockburn, IL 60015
312-720-9191
mark@langonelaw.com

9

James P. Batson, Esq. (pro hac vice pending)
520 White Plains Rd. Suite 500
Tarrytown, NY 10591
914-523-2278
jamesbatsonlegal@gmail.com


### <u>VERFICATION OF AARON HAGELE</u>

I, Aaron Hagele, verify on behalf of myself and AASH Services, LLC, under

penalty of perjury that to the best of my knowledge, information and belief, the

allegations in this **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

**RELATED TO ACQUISITION OF THE DEER PARK REFINERY**

**PURSUANT TO THE CLAYTON** ACT are true and correct.


Executed: December 16, 2021

_____

Aaron Hagele

## VERFICATION OF ANDREW SARCINELLA, JR.

I, Andrew Sarcinella, Jr., verify on behalf of myself and AASH Services, LLC, under penalty of perjury that to the best of my knowledge, information and belief, the allegations in this **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF RELATED TO ACQUISITION OF THE DEER PARK REFINERY PURSUANT TO THE CLAYTON** ACT are true and correct.

Executed: December 16, 2021

_____

Andrew Sarcinella, Jr.