

UNITED STATES OF AMERICA

Federal Trade Commission

WASHINGTON, D.C. 20580

Office of the Chair

August 25, 2021

The Honorable Brian Deese
Director, National Economic Council
1600 Pennsylvania Avenue NW
Washington, D.C. 20500

Dear Director Deese:

Thank you for your letter outlining concerns about potential unlawful conduct in the U.S. gasoline market. I agree that the Federal Trade Commission should have no tolerance for illegal business practices that harm families and consumers at the pump.

The FTC has long reviewed mergers and acquisitions in the oil and gas industry. I am concerned that the Commission's approach to merger review in recent years has enabled significant consolidation, particularly when it comes to retail fuel outlets. Under existing law, the FTC has typically sought to resolve anticompetitive deals by requiring merging companies to divest fuel stations in overlapping markets. While we undoubtedly face significant limitations under current law, this policy overall may have enabled increased consolidation at the national level, creating conditions ripe for price coordination and other collusive practices.

I will be directing FTC staff to take three specific actions to address the concerns raised in your letter:

First, I will ask that we identify additional legal theories to challenge retail fuel station mergers where dominant players are buying up family-run businesses. I will also be asking that we take a close look at the divestiture process to ensure that our approach to merger remedies is not encouraging further consolidation or enabling dominant firms to exercise market power. I am especially interested in ways that large national chains may "restore" higher prices through collusive practices, and I will direct our staff to investigate any signs of this type of conduct.[1]

Second, I will be taking steps to deter unlawful mergers in the oil and gas industry. Over the last few decades, retail fuel station chains have repeatedly proposed illegal mergers, suggesting that the agency's approach has not deterred firms from proposing anticompetitive transactions in the first place. In July, the Commission rescinded a 1995 policy that allowed companies to propose facially anticompetitive mergers with impunity.[2] Accordingly, we will

---

[1] *See e.g.*, Matthew Lewis, *Price Leadership and Coordination in Retail Gasoline Markets with Price Cycles*, 30 INT'L J. OF INDUS. ORG. 342 (2012).

[2] FTC Press Release, FTC Rescinds 1995 Policy Statement that Limited the Agency's Ability to Deter Problematic Mergers (July 21, 2021), https://www.ftc.gov/news-events/press-releases/2021/07/ftc-rescinds-1995-policy-statement-limited-agencys-ability-deter.

impose "prior approval" requirements to deter those who propose illegal mergers, including in retail gas markets.

Third, I will be asking our staff to investigate abuses in the franchise market. Many retail fuel stations are franchised, but most franchisees have no control over prices at the pump. We will need to determine whether the power imbalance favoring large national chains allows them to force their franchisees to sell gasoline at higher prices, benefitting the chain at the expense of the franchisee's convenience store operations.

I will continue to assess how the FTC can use its tools to police unlawful business practices in oil and gas markets, and I am committed to working with the Administration, independent agencies, and state attorneys general to address this concern.

Sincerely,

*Lina Khan*

Lina M. Khan
Chair, Federal Trade Commission