Case 4:21-cv-04103   Document 34   Filed on 01/07/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 07, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Aaron Hagele, Andrew Sarcinella, Jr., and AASH Services, LLC,** § § § *Plaintiffs,* § § v. § § **Shell Oil Company, PMI Services North America Inc., and Deer Park Refining Limited Partnership**, § § § § § *Defendants*. § | Civil Action No. 4:21-cv-04103 |

### ORDER DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR EXPEDITED DISCOVERY

The plaintiffs applied for a Temporary Restraining Order, (Docket Entry No. 15), and the defendants opposed either a Temporary Restraining Order or a Preliminary Injunction, (Docket Entry No. 25). The plaintiffs also sought expedited discovery, which the defendants opposed.

The court held a hearing on January 6, 2022, to hear argument. The court has reviewed the parties' motions, considered the parties' arguments at the hearing, and reviewed the relevant law. For the reasons the court articulated in detail on the record at the January 6, 2022, hearing, which are outlined below, the court denies plaintiffs' motion seeking a temporary restraining order and their request for expedited discovery.

"To obtain a temporary restraining order or a preliminary injunction, the moving party must demonstrate: '(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.'" *Greenway v. Wilkie*, No. H-18-3776, 2018 WL 5921224,

at \*2 (S.D. Tex. Nov. 13, 2018) (quoting *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014)).

The plaintiffs have not met their burden.  Plaintiffs have not shown a substantial likelihood of success on the merits.  They: (1) have not pleaded facts that plausibly allege causation and on that basis lack standing; (2) have not provided a plausible basis for their assertion that the relevant market for gasoline is nationwide; (3) have not alleged facts that could plausibly show a substantial likelihood that the defendants' transaction will lead to an increase in market share, undue market concentration, or a decrease in competition (indeed, the pleaded facts suggest that the concentration of the alleged market in the United States will go down, not up); and (4) have not alleged facts that could plausibly show a naked market-allocation agreement.  The plaintiffs have failed to show a likelihood of success on their claim that the acquisition at issue is an agreement that violates the antitrust laws.

The plaintiffs have also failed to show a substantial threat that they will suffer irreparable injury absent a temporary restraining order.  Their allegation is that this acquisition will impact retail customers of gasoline (in particular, drivers of automobiles), but the alleged possibility of such harm is too remote, attenuated, speculative, and insufficient to justify a temporary restraining order.  Nor have the plaintiffs shown that their injury is irreparable if the temporary restraining order does not issue.

Nor have plaintiffs pleaded a showing that their alleged injury outweighs the damages that a temporary restraining order might cause defendants or that the order would serve the public interest.  Delaying defendants from closing their acquisition would impose immediate and significant costs on them.  These costs far outweigh the harm that the plaintiffs allege they or the public might suffer.  The alleged benefit to the public and the plaintiffs is speculative and

attenuated, while the alleged future harm to the defendants if a temporary restraining order issues is concrete and immediate.

The plaintiffs' request for expedited discovery is the sort of discovery that the Supreme Court cautioned against in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (Docket Entry No. 20), is pending. The plaintiffs have not yet responded to that motion. Until and depending on how the court resolves that motion, expedited discovery is inappropriate.

The court denies the plaintiffs' request for a temporary restraining order, (Docket Entry No. 15), and denies the plaintiffs' request for discovery before the motion to dismiss is decided.

SIGNED on January 7, 2022, at Houston, Texas.

                                                Lee H. Rosenthal
                                      Chief United States District Judge